IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                    4:14-CR-00250-06-JM
                              4:22-CV-00876-JM

ANTHONY LEON WAITS

**ORDER**

Pending is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 533). The Prosecution responded.[1] For the reasons set out below, the motions is DENIED.

**I.    BACKGROUND**

On April 6, 2017, a jury found Petitioner guilty of conspiracy to commit wire fraud.[2] On December 6, 2017, he was sentenced to 175 months in prison.[3] On March 29, 2019, the Eighth Circuit affirmed the conviction and sentence, but remanded so that the forfeiture issue could be addressed.[4] An amended forfeiture order was entered, Petitioner appealed again, and the Eighth Circuit affirmed.[5]

Petitioner asserts ineffective assistance for failing to: (1) object to a 4-level leader enhancement; (2) challenge the sentencing calculation during the forfeiture remand; and (3) ask

---

[1] Doc. No. 536.

[2] Doc. No. 202.

[3] Doc. Nos. 276, 277.

[4] Doc. No. 331, 332.

[5] Doc. Nos. 362, 487.

that the jury determine the forfeiture amount. He also alleges that the amended forfeiture order is invalid.

## II. DISCUSSION[6]

### A. Ineffective Assistance

To prevail on a claim of ineffective assistance of counsel, Petitioner must first show that her counsel's performance fell below an objective standard of reasonableness.[7] He must identify the lawyer's acts or omissions that are alleged to constitute unreasonable professional judgment.[8] Then, the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[9] Petitioner faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[10]

If Petitioner establishes deficient performance by her lawyer, he still must establish prejudice.[11] This requires Petitioner to demonstrate that, but for her lawyer's errors, there is a reasonable probability the result of the proceeding would have been different.[12]

---

[6]The Government argues that this petition is untimely as to issues other than forfeiture. I tend to agree. However, I chose to discuss the merits of his claims, since they are frivolous.

[7]See *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Larson v. United States*, 833 F.2d 758, 759 (8th Cir. 1987).

[8]*Strickland*, 466 U.S. at 690.

[9]*Id*.

[10]*Id*. at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

[11]*Strickland*, 466 U.S. at 694.

[12]*Id*. ("A reasonable probability is a probability sufficient to undermine confidence in the [proceeding's] outcome."); *Larson*, 833 F.2d at 759.

So, the test has two parts: deficient performance and prejudice. If Petitioner fails to establish either part of this test, the Court need not consider the remaining part of the test.[13]

### 1. Failure to Object to Leadership

Petitioner asserts that his lawyer failed to object to a 4-level leader enhancement. This argument is contradicted by the record. Petitioner's lawyer made several objections to the leadership enhancement. For example, he said, "I don't believe that those things put him in the position where he is an organizer or leader."[14] However, the objections were overruled. Accordingly, this claim is meritless.

### 2. Challenge to Sentencing Computation on Remand

Petitioner contends that his lawyer should have challenged his sentencing computation when the forfeiture issue was remanded. He confuses loss amount with forfeiture amount – "the loss-amount and forfeiture-amount calculations are conceptually-distinct inquiries."[15] The base offense level was based on the total loss amount from the conspiracy, so changes to forfeiture had no effect on Petitioner's base offense level. A lawyer's failure to raise frivolous arguments does not support an ineffective assistance claim.[16]

### 3. Jury Determination of Forfeiture Amount

Petitioner asserts that his lawyer was "was ineffective for not raising Fed. R. Crim. P. 32.2(a)(6) during trial as to jury instructions and specific amounts of forfeiture or a preliminary

---

[13] *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

[14] Doc. No. 308 at 52.

[15] *United States v. Andradi*, 309 F. App'x 891, 893 (5th Cir. 2009).

[16] *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

order to do so."[17] Petitioner is unable to establish either error or prejudice. In fact, the rule specifically provides that "the court must determine the amount of money that the defendant will be ordered to pay.[18] Furthermore, the forfeiture issue and sentence have been affirmed by the Eighth Circuit.[19]

### 4. Invalid Forfeiture Order

Petitioner asserts that the amended forfeiture order is invalid. This argument is meritless, considering the order already has been affirmed by the Eight Circuit.[20] Additionally, this is not a valid § 2255 claim.[21]

### CONCLUSION

Based on the findings of fact and conclusions of law above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 533) is DENIED.

IT IS SO ORDERED this 4th of November, 2022.

_____
UNITED STATES DISTRICT JUDGE

---

[17]Doc. No. 533.

[18]Fed. R. Civ. P. 32.2(b)(1)(A).

[19]Doc. Nos. 331, 412.

[20]Doc. No. 412.

[21]*United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003) ("[A] federal prisoner cannot challenge the restitution portion of his sentence using 28 U.S.C. § 2255, because this statute affords relief only to prisoners claiming a right to be released from custody.").